**Anna DE TORE and James De Tore,
Appellants,**

v.

**The GREAT ATLANTIC AND PACIFIC
TEA COMPANY, Inc.**

**No. 17619.**

United States Court of Appeals
Third Circuit.

Argued April 10, 1969.

Decided May 22, 1969.

A. A. Guarino, Philadelphia, Pa., for appellants.

Lowell A. Reed, Jr., Rawle & Henderson, Philadelphia, Pa. (David L. Steck, Philadelphia, Pa., on the brief), for appellee.

Before HASTIE, Chief Judge, and GANEY and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This tort action for negligent personal injury is in federal court solely because of the diversity of citizenship of the parties. At the close of plaintiffs' case in a trial to a judge sitting without a jury, defendant moved for involuntary dismissal under Rule 41(b), Federal Rules of Civil Procedure. The plaintiffs were then allowed to reopen their case to present additional testimony. The defendant then renewed its motion, after which it presented its case. Subsequently, the trial judge issued a memorandum opinion dismissing the action in accordance with the defendant's earlier motion. The plaintiffs have appealed.

The findings of fact made by the trial judge in his memorandum opinion cannot properly be set aside unless clearly erroneous. In this case we are unable to say that the trial findings are clearly erroneous. The injury in suit resulted from a fall by a customer in defendant's store. The injured party was unable to specify the cause of her fall. The evidence from which the plaintiffs sought to establish cause inferentially consisted of testimony that puddles of water were observed along the margin of the aisle near the point of the accident, that the back of the injured party's dress was damp when removed at the hospital to which she was taken after the fall, and that one of her shoes had a "muddy like" appearance with some vegetable matter adhering to the instep.

In order to find liability the trier of fact would have had to infer, as to causation, that slipperiness of the floor caused by the presence of water or some other substance near the margin of the aisle caused the fall and, as to negligence, that the substance had been there long enough for a reasonably careful and observant proprietor to have discovered and removed it. We think the evidence was not sufficient to require an inference as to the cause of the accident; and, certainly, constructive notice, essential on the issue of negligence, was not proved. Therefore, the trial findings and decision must stand.

The judgment will be affirmed.